0727

Ronald R. GARREN, Respondent v. CUMMINGS & McCRADY, INC.,
Appellant.

S. E. (2d)

Court of Appeals

*Stephen Darling*, of *Sinkler, Gibbs & Simons*, Charleston, for appellant.

*Peter D. DeLuca, Jr.*, and *Peter Them*, of *Seaton, DeLuca & Them*, Moncks Corner, *for respondent*.

Heard Feb. 18, 1986.

Decided June 9, 1986.

BELL, Judge:

This is an action in negligence for personal injuries received in an automobile accident. The plaintiff, Ronald R. Garren, alleges that one Ronald L. Slider, while in an intoxicated condition as a result of consuming alcoholic beverages at a party given by Cummings & McCrady, drove his automobile across the center line of the highway and collided with Garren's automobile. Garren sued Cummings & McCrady on the theory that they are liable to him for serving alcohol to Slider knowing that he could become intoxicated and that he would be driving his automobile on the public highways. Cummins & McCrady demurred to the complaint for failure to state a cause of action. The circuit court overruled the demurrer. We reverse.

This appeal presents the question of whether South Carolina common law recognizes a third party cause of action in negligence against a social host who serves alcohol to an intoxicated adult guest when the host knows or ought to know the guest intends to drive a motor vehicle and the guest subsequently injures the third party. We hold that no such liability exists at common law.

Although the precise question has never been decided in South Carolina, the weight of authority supports the view that a social host is not liable at common law for the service

of alcohol to an intoxicated person who subsequently injures a third party. *See e.g., Klein v. Raysinger*, 504 Pa. 141, 470 A. (2d) 507 (1983); *DeLoach v. Mayer Electric Supply Co.*, 378 So. (2d) 733 (Ala. 1979); *Fruit v. Schreiner*, 502 P. (2d) 133 (Alaska 1972); *Keckonen v. Robles*, 146 Ariz. 268, 705 P. (2d) 945 (1985); *Carr v. Turner*, 238 Ark. 889, 385 S. W. (2d) 656 (1965); *Kowal v. Hofher*, 181 Conn. 355, 436 A. (2d) 1 (1980); *United Services Automobile Ass'n v. Butler*, 359 So. (2d) 498 (Fla. App. 1978); *Belding v. Johnson*, 86 Ga. 177, 12 S. E. 304 (1890), *but see Sutter v. Hutchings*, 254 Ga. 194, 327 S. E. (2d) 716 (1985) (social host who serves alcohol to noticeably intoxicated minor in violation of statute, knowing minor would soon be driving his car, may be liable to third person injured by intoxicated minor driver); *Miller v. Moran*, 96 Ill. App. (3d) 596, 52 Ill. Dec. 183, 421 N. E. (2d) 1046 (1981); *Ling v. Jan's Liquors*, 237 Kan. 629, 703 P. 2d 731 (1985); *Behnke v. Pierson, 21 Mich. App. 219, 175 N. W. (2d) 303 (1970); Meany v. Newell*, 367 N. W. (2d) 472 (Minn. 1985); *Boutwell v. Sullivan*, 469 So. (2d) 526 (Miss. 1985); *Harriman v. Smith*, 697 S. W. (2d) 219 (Mo. App. 1985); *Edgar v. Kajet*, 84 Misc. (2d) 100, 375 N. Y. S. (2d) 548 (1975), *aff'd* 55 A. D. (2d) 597, 389 N. Y. S. (2d) 631 (1976); *Settlemyer v. Wilmington Veterans Post No. 49*, 11 Ohio St. (3d) 123, 464 N. E. (2d) 521 (1984); *Johnson v. Paige*, 47 Or. App. 1177, 615 P. (2d) 1185 (1980); *Tarwater v. Atlanta Co.*, 176 Tenn. 510, 144 S. W. (2d) 746 (1940); *Chastain v. Litton Systems, Inc.*, 527 F. Supp. 527 (W. D. N. C. 1981), *vacated on other grounds*, 694 F. (2d) 957 (4th Cir. 1982), *cert. denied*, 462 U. S. 1106, 103 S. Ct. 2454, 77 L. Ed. (2d) 1334 (1983). *Contra, Kelly v. Gwinnell*, 96 N. J. 538, 476 A. (2d) 1219 (1984); *Koback v. Crook*, 123 Wis. (2d) 259, 366 N. W. (2d) 857 (1985).

We are in accord with the general common law view and therefore hold that a social host incurs no liability to third parties when he serves alcohol to his adult guests. The proper remedy for a third party injured as a result of the guest's intoxication is to sue the guest who injured him. If an additional remedy is to be provided against the host, it should be done by the legislature, not the courts:

> A change in the law which has the power to so deeply affect social and business relationships should only be made after a thorough analysis of all the relevant con-

siderations. The type of analysis required is best conducted by the legislature using all of the methods it has available to it to invite public participation.

*Miller v. Moran*, 96 Ill. App. (3d) at 600-601, 52 Ill. Dec. at 186, 421 N. E. (2d) at 1049; *accord, Harriman v. Smith, supra; Edgar v. Kajet, supra.*

We conclude by observing that this case is distinguishable from our recent decision in *Christiansen v. Forcier*, 285 S. C. 164, 328 S. E. (2d) 351 (Ct. App. 1985), *cert. denied*, June 27, 1985. In *Christiansen* we held that the holder of a permit to sell beer may be liable to a patron for resulting injuries if he knowingly sells beer to the patron while the latter is in an intoxicated condition. Our decision was based on the violation of a statute prohibiting the sale of beer to persons while in an intoxicated condition, not on the common law.

In this case, there was no sale of alcohol; it was furnished gratuitously. Moreover, the person furnishing the alcohol was not a commercial licensee, but a social host. Finally, and we think decisively, no statute imposes a duty to third parties on the host who serves alcohol to his guests. Since a duty is imposed neither by statute nor the common law, *Christiansen* is not controlling on the facts alleged in the complaint.

Because no cause of action exists at common law, the demurrer should have been sustained. The ruling of the circuit court is, therefore, reversed.

Reversed.

SANDERS, C. J., and GARDNER, J., concur.