22575

Charles T. TANT and Ann M. Tant, Petitioners v. DAN RIVER, INC., Respondent; and H. B. Lynn and Lona C. Lynn, Petitioners v. DAN RIVER, INC., Respondent; and Viola S. PARRISH, Petitioner v. DAN RIVER, INC., Respondent; and Kathleen S. DuBOSE, Petitioner v. DAN RIVER, INC., Respondent.

(345 S. E. (2d) 495)

Supreme Court

*Joseph G. Wright,* of *Wright & Trammell,* Anderson, *for petitioners.*

*John B. Britton* and *N. Heyward Clarkson, III,* both of *Rainey, Britton, Gibbes & Clarkson,* Greenville, *for respondent.*

*R. W. Dibble, Jr.,* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, *for S. C. Chamber of Commerce, amicus curiae.*

Heard May 6, 1986.

Decided June 16, 1986.

*Per Curiam:*

We granted certiorari to review a portion of the decision of the Court of Appeals reported at 286 S. C. 140, 332 S. E. (2d) 534 (Ct. App. 1985). We reverse.

Homeowners (petitioners) brought suit against Dan River, Inc., (respondent) for negligence in permitting its boiler system to emit a black sooty material which damaged their homes and property. A jury awarded the homeowners actual and punitive damages. The Court of Appeals reversed the awards of punitive damages, finding there was no evidence to warrant submission of punitive damages to the jury. We disagree.

In reviewing a motion for directed verdict, an appellate court must view the evidence in the light most favorable to the non-moving party. If the facts are susceptible of more than one reasonable inference, a directed verdict is properly denied. *Riddle v. Pitts*, 283 S. C. 387, 324 S. E. (2d) 59 (1984). When there is conflicting testimony on an issue of fact the issue must be submitted to the jury. *Hammond v. Cummins Engine Company, Inc.*, 287 S. C. 200, 336 S. E. (2d) 867 (1985). It is reversible error for an appellate court to supplant the jury's findings of fact with its own. *Todd v. South Carolina Farm Bureau Mutual Insurance Company*, 287 S. C. 190, 336 S. E. (2d) 472 (1985).

The testimony and evidence at trial indicated Dan River was aware of emission problems with its boiler system prior to receiving complaints from the homeowners. Internal memoranda indicated Dan River had knowledge the boiler system was in "poor mechanical shape because of age," and was "on the ragged edge" relative to compliance with state regulations. Approximately three weeks after the homeowners initially complained of damage from emissions, a Dan River employee filed an internal report confirming that emission from the boiler chimney were "at times well above the state and federal air pollution control standards" and reporting he had recorded as many as ten violations in a single day.

A jury question as to punitive damages is presented when there is evidence of a statutory violation. *Rhodes v. Lawrence*, 279 S. C. 96, 302 S. E. (2d) 343 (1983). Legislative regulations have the force of law. *Faile v. S. C. Employment Security Commission*, 267 S. C. 536, 230

S. E. (2d) 219 (1976). There was evidence to show Dan River had violated air pollution regulations promulgated by the South Carolina Department of Health and Environmental Control.[1] Therefore, the issue of punitive damages was properly submitted to the jury.

The portion of the Court of Appeals opinion which vacated the punitive damages awards is reversed and the jury verdicts are reinstated.

---

[1] Pursuant to S. C. Code Ann. Section 44-1-140(8) (1976), DHEC enacted Reg. 61-62.5 (Standard No. 1) which regulates the permissible visible emissions from fuel burning industrial operations. Violation of this regulation is a misdemeanor. S. C. Code Ann. Section 44-1-150 (1976).