**Emory HILL and Myrtice Hill, as Guardians ad Litem for Harlas Hill, Plaintiffs,**

v.

**HONEY'S INC., d/b/a Sheraton Palmetto and Honey Properties, Inc., Defendants.**

**Civ. A. No. 6:91–2327–20.**

United States District Court, D. South Carolina, Greenville Division.

March 16, 1992.

Thomas W. Traxler, Greenville, S.C., for plaintiffs.

Theron G. Cochran, Greenville, S.C., for defendants.

**ORDER**

HERLONG, District Judge.

This matter is before the court on the defendants' motion for summary judgment. For the reasons stated below, the defendants' motion is granted.

The plaintiffs, the Guardians ad Litem for Harlas Hill ("Hill"), brought this suit seeking compensation for injuries Hill sustained in an accident. He was injured while riding in an automobile driven by Sheila Dickey ("Dickey"). At the time of the accident, Dickey was employed by the Sheraton Palmetto Hotel in Greenville which was owned and operated by the defendants, Honey's, Inc. and Honey Properties, Inc. (collectively "the Sheraton").

On December 18, 1988, the Sheraton had a Christmas party for its hotel employees and their guests. The party was a social event, and attendance was voluntary. Food, non-alcoholic and alcoholic beverages [1] were provided. The Sheraton paid for the party and treated it as a business expense. Like the other employees of the Sheraton, Dickey was invited to the Christ-

---

**1.** The Sheraton hired an outside bartender to serve the drinks.

mas party. She attended the party and took Hill as her guest. The party began around 7:00 p.m. and continued until midnight or shortly thereafter.

On the evening of December 18, before the party began, Hill went to Dickey's home. While there, they both used cocaine and smoked marijuana. Dickey then drove them in her automobile to the party. While at the party, they had a few drinks. Around 9:30 or 10:00 p.m., Dickey and Hill left the party to purchase more cocaine. After doing so, they returned to the Sheraton's parking lot and used some of the cocaine. They then returned to the party and had more drinks. There is no evidence of what time Dickey and Hill left the party.

At approximately 1:40 a.m. Dickey drove her automobile into the rear of a tractor trailer. Hill was seriously injured and has been in a coma since the accident. About an hour after the accident, urine and blood samples were taken from both Hill and Dickey. Hill's urine sample tested positive for cannabinoids and cocaine. His blood sample revealed that he had 189 mg/dl percent of alcohol in his blood at the time the sample was drawn. Dickey also tested positive for cannabinoids and cocaine. Her blood sample revealed that she had 171 mg/dl percent of alcohol in her blood at the time the sample was taken. Dickey subsequently pleaded guilty to felony DUI in the Court of General Sessions for Greenville County.

The plaintiff has asserted two causes of action against the Sheraton. The first is that the Sheraton is directly liable to the plaintiffs because it was negligent and reckless for providing alcohol to Hill and Dickey when it knew or should have known that they were intoxicated. The second cause of action is for vicarious liability for the acts of negligence and recklessness on the part of Dickey, an employee of the Sheraton.

■ The Sheraton claims that it is not directly liable to the plaintiffs because it was acting as a social host. Under South Carolina law, "a social host incurs no liability to third parties when he serves alcohol to his adult guests." *Garren v. Cum-*

*mings & McCrady, Inc.,* 289 S.C. 348, 350, 345 S.E.2d 508, 510 (Ct.App.1986). The Sheraton argues that *Garren* is applicable to the case at bar.

The plaintiffs cite the case of *Ballou v. Sigma Nu General Fraternity,* 291 S.C. 140, 352 S.E.2d 488 (Ct.App.1986) to support its argument that even if the Sheraton were a social host, it is still directly liable to the plaintiffs. In *Ballou,* the South Carolina Court of Appeals held that a fraternity could be liable for its participation in getting a pledge fatally intoxicated.

The facts of *Ballou* are quite different from those in the case before this court. *Ballou* involved a fraternity initiation party called "Hell Night" which pledges were required to attend. At the initiation, the active members coerced the pledges into drinking excessive amounts of alcohol. Getting the pledges drunk was apparently the main purpose of the initiation party. One of the pledges drank so much alcohol that he lost consciousness. No one in the fraternity sought medical attention for the pledge, and he subsequently died. The South Carolina Court of Appeals quoted with approval an Oregon case that stated "abandonment of a guest who had been maimed and injured after having been made helplessly drunken by her host is another breach of duty." *Ballou,* 291 S.C. at 147, 352 S.E.2d at 493 (quoting *Ibach v. Jackson,* 148 Or. 92, 111, 35 P.2d 672, 680 (1934)).

In the case at bar, attendance at the Sheraton's Christmas party was completely voluntary, and the Sheraton did not coerce its guests into drinking excessively. The Sheraton merely provided its guests with alcoholic beverages which they could accept or reject as they saw fit. Furthermore, the plaintiffs have presented no evidence that either Hill or Dickey was in a helpless position at the party.

The plaintiffs' main argument in support of their direct liability claim is that the role of the Sheraton in giving the party was not one of a social host, but was rather one of an employer. They claim that the party was a business function that advanced the Sheraton's business purpose of maintaining

employee morale and goodwill. Because the Sheraton was acting as an employer, it had a higher degree of responsibility than a social host who serves alcohol. In support of this argument, the plaintiffs cite *Chastain v. Litton Systems, Inc.,* 694 F.2d 957 (4th Cir.1982), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2454, 77 L.Ed.2d 1334 (1983). The Fourth Circuit Court of Appeals found that the case presented questions of first impression in North Carolina whose laws governed the case. No North Carolina court had decided if an employer who gives an office party is a social host. The court held that it was for the jury to decide if the employer were acting as a social host, and not liable, or advancing its business interests, and thus, open to liability. Relying upon North Carolina's common law and Dram Shop laws, the court indicated that if the employer were not a social host, "we conclude that Litton [the employer] was negligent if it failed to exercise ordinary care in furnishing, or permitting its employees to furnish, alcoholic beverages to Beck [the employee] knowing that he had become intoxicated." *Id.* at 962.

In *Chastain,* the party was held on the employer's premises and began at 8:00 a.m. and continued during normal working hours. All the employees were required to check in by 8:00 a.m. in order to be paid for the day, although they could leave at any time. The Fourth Circuit found that it was for the jury to decide if the party were purely a social event or whether it advanced business interests.

Unlike North Carolina, South Carolina has spoken on the subject of the liability of employers who provide alcohol at office parties. In *Garren,* the South Carolina Court of Appeals found that the employer, who gave a party and served alcohol, was a social host who was not liable for the injuries caused by an employee who became drunk at the party.[2]

In view of the law of South Carolina as expressed by *Garren,* this court holds that the Sheraton was a social host and therefore not directly liable for the injuries caused by its employee after she drank alcohol at the Christmas party.

The plaintiffs also contend that the Sheraton is vicariously liable for the negligence and recklessness of its employee, Dickey. In order for an employer to be liable for the torts of its employee, the employee must be acting within the scope of his employment. *Hyde v. Southern Grocery Stores Inc.,* 197 S.C. 263, 15 S.E.2d 353 (1941). An act is within the scope of employment if it is done in furtherance of the employer's business. *Gathers v. Harris Teeter Supermarket Inc.,* 282 S.C. 220, 317 S.E.2d 748 (Ct.App. 1984).

This court holds that the Sheraton's Christmas party was a social event, and Dickey was not acting within the scope of her employment when she was drinking at the party. Nor was she acting within the scope of her employment when she was driving home after the party. The Sheraton is not vicariously liable for the injuries caused by Dickey's driving under the influence of drugs and alcohol.

For these reasons, this court holds that the Sheraton is not liable, either directly or vicariously, for the injuries sustained by Hill. The defendants' motion for summary judgment is hereby granted.

IT IS SO ORDERED.

---

**2.** Because *Chastain* was decided before *Garren* and is indeed cited in *Garren,* it can be inferred that the South Carolina Court of Appeals was aware of, and rejected, the Fourth Circuit's conclusion that under North Carolina law it is for the jury to decide if an employer is a social host when holding an office party.