2166

Sherrill S. NORTON, as Personal Representative of the Estate of Jerry W. Norton, Appellant v. OPENING BREAK OF AIKEN, INC., Jimmy Martin, and Jimmy Martin Realty Group, Inc., Respondents.

(443 S.E. (2d) 406)

Court of Appeals

---

*Robert J. Harte,* Aiken, *for appellant.*

*Jean P. Derrick,* Lexington, *for respondents.*

Heard Mar. 9, 1994.

Decided Apr. 4, 1994. Reh. Den. May 17, 1994.

BELL, Judge:

This is an action in negligence. The estate of Jerry Norton sued Opening Break of Aiken, Inc., Jimmy Martin, and Jimmy Martin Realty Group, Inc.,[1] alleging liability for Norton's death from a collision with an intoxicated minor driver who attended an after-hours party at Opening Break a few hours before the accident. The circuit court granted summary judgment for Opening Break. Norton appeals. We reverse and remand.

The minor, Christopher Yonce, entered the Opening Break bar the evening of February 8, 1991. Yonce first claimed, but later denied, he purchased beer from Opening Break at the time. Yonce left Opening Break and went to another bar where he purchased and drank four to five beers between 10:30 p.m. and 2:30 a.m. He and three friends then returned to Opening Break for an after-hours party for one of Opening Break's employees. While at the party, Yonce drank beer he brought to the party himself. He also drank an alcoholic punch provided by someone at the party. Opening Break neither sold nor furnished alcohol to Yonce during the party.

It is useful to state at the beginning what this appeal is not about. It presents no question of *common law* liability of a social or business host who furnishes alcohol to his guests. Cf. *Garren v. Cummings & McCrady, Inc.*, 289 S.C. 348, 345 S.E. (2d) 508 (Ct. App. 1986). The defendants hold a license from the State of South Carolina for the on-premises sale and consumption of alcohol. As a licensee, their premises are subject to regulation by the State. Similarly, this case does not involve the sale or furnishing of alcohol to a minor. Cf. *Steele v. Rogers*, 306 S.C. 546, 413 S.E. (2d) 329 (Ct. App. 1992), *cert. denied* (April 22, 1992). The defendants provided a "safe haven" for underaged drinkers to engage in illegal drinking, but they did not themselves furnish the alcohol. Finally, this appeal does not concern serving alcohol to an

---

[1] For convenience, these parties will be called "Opening Break" in this opinion.

adult who is obviously intoxicated. *Cf. Christiansen v. Forcier*, 285 S.C. 164, 328 S.E. (2d) 351 (Ct. App. 1985).

We are concerned here with 23 S.C. Code Ann. Regs. 7-31 (Supp. 1993), which prohibits a business that holds a license issued by the Alcoholic Beverage Control Commission from allowing a person under twenty-one years of age to possess or consume alcoholic liquors in or on the licensed premises. Opening Break does not challenge the validity of this regulation.

The question is whether a violation of Reg. 7-31 constitutes negligence *per se* for purposes of an action in negligence.

The test of determining when a duty created by statute will support an action for negligence is stated in *Whitlaw v. Kroger Co.*, 306 S.C. 51, 53, 410 S.C. (2d) 251, 252 (1991):

> In order to show that the defendants owes him a duty of care arising from a statute, the plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that he is a member of the class of persons the statute is intended to protect. If the plaintiff makes this showing, he has proven the first element of a claim for negligence: viz., that the defendant owes him a duty of care. If he then shows that the defendant violated the statute, he has proven the second element of a negligence cause of action: viz., that the defendant, by act or omission, failed to exercise due care. This constitutes proof of negligence *per se.*

(quoting *Rayfield v. South Carolina Dep't of Corrections*, 297 S.C. 95, 103, 374 S.E. (2d) 910, 914 (Ct. App. 1988), *cert. denied*, 298, S.C. 204, 379 S.E. (2d) 133 (1989)).

Following the reasoning of *Whitlaw v. Kroger Co.*, Norton argues that Reg. 7-31 imposes a duty of care on Opening Break, as a licensee of the Alcoholic Beverage Control Commission, not to allow a person under twenty-one years of age to possess or consume alcoholic liquors in or on the the licensed premises. Among others, this duty runs to those who would likely be injured by intoxicated underage drinkers. By allowing Yonce to possess and consume alcoholic liquors on its premises, Opening Break breached this duty of care owed to Norton.

Opening Break counters that a mere regulation cannot establish a duty of care; the plaintiff must prove the violation of a statute or ordinance to establish negligence *per se*. It cites no authority for this proposition. It also contends that Reg. 7-31 is intended to protect only minors like Yonce, not members of the general public like Norton. Both points may be disposed of briefly.

## I.

Regulations authorized by the Legislature have the force of law. *Tant v. Dan River, Inc.*, 289 S.C. 325, 345 S.E. (2d) 495 (1986). Violation of a regulation may constitute negligence *per se*. *See, e.g., Id.* (violation of state and federal air pollution regulations supports action for negligence); *see also Seals v. Winburn*, — S.C. —, — S.E. (2d) —, Op. No. 2139 (S.C. Ct. App. filed February 22, 1994) (Davis Adv. Sh. No. 5 at 27) (employer's violation of state and federal regulations prohibiting the employment of children under the age of ten on a farm was negligence *per se); Ravan v. Greenville County*, — S.C. —, 434 S.E. (2d) 296 (Ct. App. 1993) (approving jury instruction charging that violation of a regulation is negligence *per se); Coleman v. Shaw*, 281 S.C. 107, 314 S.E. (2d) 154 (Ct. App. 1984) (violation of agency regulation governing swimming pool safety was negligence *per se*). The law stated in these cases forecloses Opening Break's argument to the contrary.

## II.

Although the law does not imply an automatic duty to the public at large whenever a statute is violated, a rule forbidding a licensee of the Alcoholic Beverage Control Commission to facilitate consumption of alcohol by a minor is designed to protect both the minor who consumes the alcohol and those members of the public likely to be harmed by the minor's consumption of that alcohol. *See Whitlaw v. Kroger Co., supra*. It follows that a third party harmed by the minor's consumption has an action against the licensee who violated the statute. *Id.*

While *Whitlaw* dealt with a statute, the same reasoning applies to the violation of the regulation here in question. Undoubtedly one purpose of the regulation is

to prevent consumption of alcohol by youthful drinkers so as to protect them from their own immature judgment. However, *Whitlaw* teaches that such rules have the additional purpose of protecting members of the public likely to be harmed by an underaged drinker. This is especially true where the underaged drinker is an adult. Regulation 7-31 applies not only to minors, but also to drinkers aged eighteen to twenty-one. They are *sui juris* in all other respects. This means they are legally presumed to have adult mental and judgmental capacity. Consequently, they may need less protection from harming themselves than younger drinkers. Yet their drinking still poses a high risk of harm to others beside themselves. It is, in part, to protect those others from harm that laws like Reg. 7-31 exist. Under the rule in *Whitlaw,* such regulations create a duty of care running from licensees toward this special class of third parties likely to be harmed.

For the reasons stated, the circuit court erred as a matter of law in granting summary judgment. We reverse and remand for trial. Our opinion should not be interpreted as expressing any view on the merits of the case.

Reversed and remanded

GOOLSBY and CONNOR, JJ., concur.