24311

Sherrill S. NORTON, as Personal Representative of the Estate of Jerry W. Norton, Respondent v. OPENING BREAK OF AIKEN, INC., Jimmy Martin, and Jimmy Martin Realty Group, Inc., Petitioners.

(462 S.E. (2d) 861)

Supreme Court

*Jean P. Derrick*, Lexington, *for petitioners.*

*Robert J. Harte*, Aiken, *for respondent.*

Heard June 14, 1995.

Decided Sept. 18, 1995; Reh. Den. Oct. 19, 1995.

BURNETT, Justice:

We granted certiorari to review the decision of the Court of Appeals reversing the trial court's grant of summary judgment to Petitioners (hereinafter collectively referred to as "Opening Break"). We affirm.

Opening Break allowed an employee to use its Alcoholic Beverage Control (ABC) licensed premises for an after-hours private party. A minor was permitted entry to the party. The minor drank beer he brought to the party and drank an alcoholic punch provided by someone at the party. Opening Break did not sell or furnish alcohol to the minor. Later, the minor was involved in an automobile accident with Jerry Norton in which Norton was killed.

Respondent sued Opening Break, alleging negligence ■ *per se*. 23 S.C. Code Ann. Reg. 7-31 (Supp. 1994) prohibits ABC licensees from knowingly allowing persons under age twenty-one to drink alcohol in or on the licensed premises. Respondent argued that Reg. 7-31 created a duty that Opening Break breached by knowingly allowing the minor to drink alcohol on its premises. The Court of Appeals held that a violation of Reg. 7-31 constitutes negligence *per se* for purposes of an action in negligence. *Norton v. Opening Break, Inc.*, 313 S.C. 508, 443 S.E. (2d) 406 (Ct. App. 1994).

We agree with the Court of Appeals' opinion. *See Tant v. Dan River, Inc.*, 289 S.C. 325, 345 S.E. (2d) 495 (1986) (regulations have the force of law; violation of a regulation may constitute negligence *per se*); *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E. (2d) 251 (1991) (setting forth two-prong test for determining when a duty created by statute or regulation will support an action for negligence).

Opening Break now argues that because the party was ■ conducted *after-hours*, the duty created by Reg. 7-31 does not attach. Opening Break failed to raise this argument to the Court of Appeals, however, and consequently we decline to address it. *See* Rule 226(d)(2), SCACR ("Only those question raised in the Court of Appeals and in the petition for rehearing shall be included in the petition for writ of certiorari as a question presented to the Supreme Court."); *Camp v. Springs Mortgage Corp.*, 310 S.C. 514, 426 S.E. (2d) 304 (1993) (where Court of Appeals does not address a particular issue and appellant fails to petition Court of Appeals to consider it, Supreme Court will decline to address it).

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.