592 S.E.2d 311

Rudolph BARNES, as Personal Representative of the Estate of Doris Ann Barnes, Respondent,

v.

COHEN DRY WALL, INC., and Aelina Martin, as Personal Representative of the Estate of Orin Tilman Feagin, Defendants,

Of Whom Cohen Dry Wall, Inc. is the Appellant.

No. 3710.

Court of Appeals of South Carolina.

Heard Oct. 8, 2003.
Decided Dec. 8, 2003.
Rehearing Denied Feb. 20, 2004.

282

N. Heyward Clarkson, III, Charles F. Turner, and Elizabeth J. Smith, all of Greenville, for Appellant.

George J. Kefalos, of Charleston and Steve Christopher Davis, of Moncks Corner, for Respondent.

GOOLSBY, J.:

Rudolph Barnes, as personal representative of the Estate of Doris Barnes, filed a negligence action against Cohen Dry Wall and Orin Feagin. The jury returned a verdict for Barnes in the amount of $750,000. Cohen appeals. We affirm.

## FACTS

On December 12, 1998, Cohen held its annual Christmas party for its employees and their families. As alcoholic beverages were to be served at the party, Cohen Gaskins, the president of Cohen, hired a professional bartender to verify guests' identification before serving alcohol. During the party, Gaskins announced to the party guests that there were

police officers outside and that, if anyone had too much to drink, a ride home would be provided.

The day before the party, a supervisor informed Orin Feagin, a nineteen-year-old Cohen employee, that he would not be served alcohol at the party. Feagin stated he would bring his own bottle of alcohol. Although several Cohen employees observed Feagin with a bottle of gin at the party, no one saw him drink from the bottle. Only one person testified he saw Feagin drink alcohol from the bar.

Several guests testified Feagin was loud and disruptive at the party; however, others testified he behaved normally and did not act as if he had been drinking. Though Feagin left the party with a designated driver, he drove out of the parking lot in his own vehicle. After leaving the party, Feagin visited his girlfriend at her place of employment, drove to her mother's house, and then revisited his girlfriend. Both the girlfriend and her mother testified Feagin did not appear to be intoxicated. A short time later that evening, Feagin was involved in a two-car accident that killed both him and the passenger in the other vehicle, Doris Barnes.

Barnes sued both Cohen and Feagin's estate, alleging, among other things, that Cohen was negligent in serving alcoholic beverages to Feagin at the party. Feagin's estate asserted a cross-claim against Cohen for negligence *per se* and gross negligence.

At the close of the evidence, Cohen unsuccessfully moved for a directed verdict. The jury returned a verdict against Cohen and Feagin's estate for $750,000 in actual damages.[1] Cohen then moved for judgment notwithstanding the verdict, new trial absolute, new trial nisi remittitur, new trial pursuant to the thirteenth-juror doctrine, and alteration of the judgment to reflect a setoff of the amounts paid by any or all of the insurance policies. The trial court granted only the last motion, holding "Cohen Dry Wall is entitled to modify the

---

1. The jury also awarded punitive damages to Barnes against Feagin's estate in the amount of $1,400,000, and no appeal was taken from this award. As to the claim of Feagin's estate against Cohen, the jury found Cohen was 20 per cent responsible for Feagin's death and Feagin was 80 per cent responsible.

judgment to the extent of any liability insurance paid by the Defendant Feagin."

## LAW/ANALYSIS

### I.

■ Cohen argues that, under South Carolina law, "a social host does not incur any liability to third parties when he serves alcohol to his guests" and the trial court should therefore have granted its directed verdict motion. We disagree.[2]

In support of this argument, Cohen relies on *Garren v. Cummings & McCrady, Inc.*[3] This reliance is misplaced. In *Garren*, this court held that South Carolina did not recognize a third-party action against a social host for serving alcohol to an adult guest. This holding was based on two determinations: (1) South Carolina is "in accord with the general common law view ... that a social host incurs no liability to third parties when he serves alcohol to his *adult* guests"[4] and (2) no such liability was imposed by statute.[5] Neither of these circumstances applies to the present case.

■ Here, Barnes sought relief for losses allegedly resulting from Cohen's allowing the consumption of alcohol by a minor—rather than an adult guest. Even more important, however, is the fact that the South Carolina General Assembly has enacted several statutes making it unlawful for "any person," not just commercial establishments, to provide alcohol to persons under the legal drinking age.[6] Moreover,

---

2. Barnes argued in his brief that Cohen failed to preserve this argument for appeal. After examining the record in its entirety, however, we hold Cohen sufficiently raised the issue before the trial court in order for us to address it on appeal. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

3. 289 S.C. 348, 345 S.E.2d 508 (Ct.App.1986).

4. *Id.* at 350, 345 S.E.2d at 510 (emphasis added).

5. *Id.* at 351, 345 S.E.2d at 510.

6. *See* S.C.Code Ann. § 61-4-90 (Supp.2002) ("It is unlawful for a person to transfer or give to a person under the age of twenty-one years

although these statutes specifically exempt certain situations, they do not exclude social hosts from the prohibition,[7] and as our supreme court has stated in *Whitlaw v. Kroger*, such statutes "are designed to prevent harm to the minor who purchased the alcohol *and to members of the public harmed by the minor's consumption of that alcohol.*" [8]

Although *Whitlaw* concerned the unauthorized sale of alcohol to a minor by a commercial entity, we hold the supreme court's statement regarding the purpose of such statutory prohibitions is just as applicable to the provision of alcohol by a social host to a guest who is under the legal drinking age. In so holding, we follow other jurisdictions that have recognized civil causes of action against social hosts for serving alcohol to underage individuals when such an act was in violation of a statute.[9]

---

for the purpose of consumption beer or wine at any place in the State.") and *id.* § 61–6–4070 ("It is unlawful for a person to transfer or give to a person under the age of twenty-one years for the purpose of consumption alcoholic liquors at any place in the State.").

7. Sections 61–4–90 and 61–6–4070 both state their respective provisions do not apply to situations in which alcohol is provided (1) to a spouse or child within the family home, (2) in conjunction with a religious ceremony, and (3) within certain instructional settings.

8. 306 S.C. 51, 54–55, 410 S.E.2d 251, 253 (1991) (emphasis added); *cf. Tobias v. Sports Club, Inc.*, 332 S.C. 90, 93, 504 S.E.2d 318, 320 (1998) ("We hold today that our alcohol control statutes do not create a first party cause of action for an intoxicated adult patron, *but that they do permit a third party action.*") (emphasis added).

9. *See, e.g., Macleary v. Hines*, 817 F.2d 1081 (3d Cir.1987) (holding that, "under Pennsylvania law a defendant who knowingly and intentionally allows premises over which she has control to be used for the purpose of consumption of alcohol by minors ... may be liable for injuries resulting therefrom" if the use of the premises is found to be "a substantial factor in bringing about the intoxication of the minor guest"); *Ely v. Murphy*, 207 Conn. 88, 540 A.2d 54, 58 (1988) (recognizing the "legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so" and holding that a minor's consumption of alcohol therefore does not as a matter of law "insulate one who provides alcohol to minors from liability for ensuing injury"); *Thaut v. Finley*, 50 Mich. App. 611, 213 N.W.2d 820, 822 (1973) (holding the violation of a criminal statute against furnishing intoxicants to a minor without a doctors prescription created a third-party cause of action against a social host who violated the provision, notwithstanding the absence of

## II.

### A.

■ Cohen Dry Wall contends the trial court erred in allowing Barnes to read excerpts of a deposition at trial, arguing Barnes did not meet the burden of showing the witness was unavailable. We disagree.

Counsel for Barnes informed the trial court that he intended to read excerpts of a deposition at trial. Counsel argued this was permitted under Rule 32 of the South Carolina Rules of Civil Procedure because he could not procure the witness by subpoena. In support of this claim, counsel submitted an affidavit of attempted service. During the course of this colloquy, the parties also discussed their belief that the deponent was incarcerated in Columbia, which, according to Cohen's attorney, was less than 100 miles from where the case was being tried. Cohen now contends the trial court erred in allowing the deposition testimony because it was not sufficiently established that the deponent was either incarcerated or over 100 miles away.

Although the trial court did not make specific findings regarding the deponent's whereabouts, such findings were unnecessary. Barnes submitted an affidavit of failed service of the subpoena on the deponent. This was sufficient under Rule 32(a)(3)(D) to allow the deposition to be read into evidence at trial.[10]

---

any reference in the statute to civil liability); *Cole v. O'Tooles of Utica, Inc.,* 222 A.D.2d 88, 643 N.Y.S.2d 283, 286 (1996) (holding a complaint sufficiently stated a "dramshop" cause of action against social hosts who unlawfully procured alcoholic beverages for consumption by a minor who became intoxicated and then drove his car in a negligent and reckless manner, causing the death of his passenger).

**10.** Rule 32(a)(3) of the South Carolina Rules of Civil Procedure provides as follows:

The deposition of a witness, whether or not a party, may be used by any party for *any* purpose if the court finds:

(A) that the witness is dead; *or*

(B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; *or*

## B.

█ Cohen further argues Barnes failed to give the required notice of his intent to use the deposition in lieu of having the witness testify. In addition, Cohen contends that, even if the allowance of the deposition had been proper, the trial court should have also allowed the jury to be informed that the deponent was incarcerated when the case came to trial.

These arguments, however, were not set forth in the Statement of Issues on Appeal in Cohen's brief; therefore, we decline to address them.[11] We further note that, with regard to the trial court's refusal to inform the jury that the deponent was incarcerated, Cohen presented no argument on appeal either challenging the trial court's finding that the information was hearsay or supporting its admissibility as a hearsay exception.

## III.

█ Finally, Cohen argues the trial court erred in including in the jury charge language from South Carolina Code section 56–5–6110, known as the aiding and abetting statute. Specifically, Cohen contends that the reason the charge was error was that section 56–5–6110 is "not relevant to the issues raised by Barnes' allegations that Cohen Dry Wall provided and/or served alcohol to a person under the age of twenty-one" because section 56–5–6110 concerns aiding and abetting only those offenses within the same title and chapter, whereas the offenses of providing alcohol to persons under the legal drink-

---

(C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or

(D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

(E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

(Emphasis added.)

11. *See State v. Dunbar*, 356 S.C. at 142, 587 S.E.2d at 694 ("No point will be considered which is not set forth in the statement of issues on appeal.") (citing Rule 208(b)(1), SCACR).

ing age are found in different parts of the code. We find no reversible error.

At trial, when Barnes proffered the instruction, Cohen argued the charge was improper because it would "[supersede] the social host immunity" in that it would apply to serving visibly intoxicated adults as well as minors. After the trial court charged the jury, Cohen made only a general objection to the aiding and abetting charge, "just to preserve our position on the record."

We have reviewed the record before us and do not see a ruling by the trial court on the question of whether section 56-5-6110 can be applied to the statutory prohibitions in Title 61 concerning serving alcohol to a minor. Because the trial court did not have the opportunity to rule on this particular issue, we likewise decline to address it on appeal.[12]

**AFFIRMED.**

HUFF and BEATTY, JJ., concur.

---

12. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (ruling an issue was not preserved for appellate review because the trial court did not explicitly rule on it at trial and the appellant made no Rule 59(e) motion to alter or amend the judgment on that ground); *Gurganious v. City of Beaufort*, 317 S.C. 481, 488, 454 S.E.2d 912, 916 (Ct.App.1995) ("It is well settled that one cannot present and try his case on one theory and then change his theory on appeal.") (citing *McClary v. Witherspoon*, 251 S.C. 523, 164 S.E.2d 220 (1968)).