**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Constance Mayers as Personal Representative for the Estate of Darrius "George" Dreher, Appellant,

v.

Logan Bird, Samuel Bird, James Coleman Hunter, Ayden Phillips, Kenneth Cole Godley, Dominion Energy South Carolina, Inc., Mark McMillan, and Kimberly McMillan, Defendants,

Of whom Ayden Phillips is the Respondent.

Appellate Case No. 2023-000143

———————

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-435
Submitted December 16, 2025 – Filed December 23, 2025

———————

**AFFIRMED**

———————

Kenneth George Goode, Jr., of Law Office of Kenneth G. Goode, Jr., LLC, of Charleston; Roy T. Willey, IV, Eric Marc Poulin, and Chase Harrison Coble, all of Poulin, Willey, Anastopoulo, LLC, of Charleston; and Joseph E. Thoensen, of Jeffcoat Law Firm, LLC, of Columbia, all for Appellant.

Catharine Garbee Griffin, of Baker Ravenel & Bender, LLP, of Columbia, for Respondent.

_____

**PER CURIAM:** Constance Mayers as Personal Representative for the Estate of Darrius "George" Dreher (Appellant) appeals the circuit court's order granting summary judgment in favor of Ayden Phillips. On appeal, Appellant argues (1) the circuit court erred in granting summary judgment to Phillips because the record contains a dispute of material fact as to whether Phillips knowingly served or provided alcohol to an underaged driver and (2) this court should recognize a "safe haven" approach to determine whether a social host caused an alcoholic beverage to be served. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in granting summary judgment to Phillips because the record contains no genuine issue of material fact regarding whether Phillips knowingly and intentionally served, or caused to be served, alcohol to a minor. *See Braden's Folly, LLC v. City of Folly Beach*, 439 S.C. 171, 190, 886 S.E.2d 674, 684 (2023) ("In reviewing the grant of summary judgment, [an appellate c]ourt applies the same standard as the circuit court."); *id.* ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *id.* ("The [c]ourt must view the evidence and all reasonable inferences taken from it in the light most favorable to the non-moving party."); *Marcum v. Bowden*, 372 S.C. 452, 455, 643 S.E.2d 85, 86 (2007) ("An adult social host who knowingly and intentionally serves, or causes to be served, an alcoholic beverage to a person he knows or reasonably should know is between the ages of [eighteen] and [twenty] is liable to the person served and to any other person for damages proximately resulting from the host's service of alcohol."). Appellant contends that Logan Bird's testimony that she did not bring alcohol to Phillips's home, combined with other witnesses' observations that she was drinking alcohol at Phillips's home, necessarily supports an inference that Phillips supplied the alcohol Bird was drinking. However, every witness, including Bird, testified that Phillips did not provide her with any alcohol; accordingly, we find the record contains no genuine dispute of material fact. *See Grimsley v. S.C. L. Enf't Div.*, 415 S.C. 33, 40, 780 S.E.2d 897, 900 (2015) ("Even though courts are required to view the facts in the light most favorable to the nonmoving party, to survive a motion for summary judgment, 'it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not

genuine.'" (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))).

2.  We decline to recognize a "safe haven" approach to determine whether a social host caused an alcoholic beverage to be served.  *See Marcum*, 372 S.C. at 455, 643 S.E.2d at 86 ("An adult social host who knowingly and intentionally serves, or causes to be served, an alcoholic beverage to a person he knows or reasonably should know is between the ages of [eighteen] and [twenty] is liable to the person served and to any other person for damages proximately resulting from the host's service of alcohol."); *id.* at 459, 643 S.E.2d at 89 ("[P]olicy concerns militate against a rule which would hold a social host to a higher standard than that to which a commercial provider is held."); *cf. Norton v. Opening Break of Aiken, Inc.*, 313 S.C. 508, 510-11, 443 S.E.2d 406, 407-08 (Ct. App. 1994) (finding that a licensee of the Alcoholic Beverage Control Commission may be liable for knowingly providing a safe haven for underage drinkers, even if it did not furnish the alcohol, in light of regulations forbidding licensees from knowingly permitting anyone under twenty-one to consume alcohol on the licensed premises), *aff'd*, 319 S.C. 469, 462 S.E.2d 861 (1995).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.