0424

Douglas CHRISTIANSEN, Respondent, v. James CAMPBELL and Rosaleen
K. Forcier, d/b/a Rosie's Hideaway, of whom Rosaleen K. Forcier is
Appellant. Appeal of Rosaleen K. FORCIER.

(328 S. E. (2d) 351)

Court of Appeals

*Allen R. Dupree*, North Charleston, *for appellant.*

*E. Jeannette Heyward* and *Leonard L. Long*, of *Long, Smith & Jordan*, Charleston, *for respondent.*

Heard Nov. 21, 1984.

Decided March 21, 1985.

GOOLSBY, Judge:

Douglas Christiansen, a patron of Rosaleen K. Forcier's bar, brought this action against Forcier and another to recover damages for injuries sustained when he was struck by a motor vehicle after leaving Forcier's bar in an intoxicated condition. Forcier appeals from a circuit court order overrul-

ing her demurrer to Christiansen's complaint. We affirm.

The issues on appeal concern whether the complaint improperly joins two causes of action and whether the facts as pleaded are sufficient to constitute a cause of action against Forcier.

The facts alleged in the complaint are as follows. On November 15, 1980, at approximately 3:00 p.m., Christiansen entered Rosie's Hideaway, a bar operated by Forcier on Rivers Avenue in Charleston County. Christiansen consumed a number of beers sold to him by Forcier and became visibly intoxicated. Even so, Forcier continued to sell him beer. At approximately 5:45 p.m., Christiansen left the bar and attempted to cross Rivers Avenue. When he stepped from the curb, he was struck and seriously injured by a motor vehicle driven by the non-appealing co-defendant James Campbell.

The complaint alleges Christiansen's injuries were the direct and proximate result of the joint and concurrent negligence, carelessness, recklessness, willfulness, and wantonness of Campbell in the operation of his motor vehicle and of Forcier, among other things, in her sale of beer to Christiansen in violation of Section 61-9-410 of the South Carolina Code of Laws (1976).

## I.

Forcier first contends the complaint misjoins two causes of action in that the complaint joins a cause of action arising out of Forcier's operation of her business with a cause of action arising out of Campbell's operation of his motor vehicle. We disagree.

As we read the complaint, Christiansen does not allege two causes of action. He alleges one cause of action that arises out of a joint tort. In South Carolina, one injured by the wrongful act of two or more joint tort-feasors may elect either to sue each tort-feasor separately or to join them as parties defendant in a single action. *Johns v. Castles*, 229 S. C. 51, 91 S. E. (2d) 721 (1956); *Simon v. Strock*, 209 S. C. 134, 39 S. E. (2d) 209 (1946). Here, Chrisiansen simply chose to proceed against both alleged tort-feasors in one action.

## II.

Forcier also contends Christiansen's complaint fails to

state facts sufficient to constitute a cause of action. Again, we disagree.

When a party demurs to another party's pleadings upon the ground the pleadings fail to state a cause of action, the pleadings must be liberally construed in favor of the pleader and sustained if the facts and reasonable inferences to be drawn from the pleadings entitle the pleader to relief on any theory of the case. *Todd v. S. C. Farm Bureau Mutual Insurance Co.*, 276 S. C. 284, 278 S. E. (2d) 607 (1981). Viewed in this light, it is apparent to us that Christiansen's complaint alleges a cause of action.

As we mentioned, the complaint alleges that Christiansen's injuries were a proximate result of Forcier's sale of beer to Christiansen in violation of Section 61-9-410 of the Code. This statute reads in part:

No holder of a permit authorizing the sale of beer ... shall knowingly do any of the following acts upon the licensed premises covered by such holder's permit:

* * *

(2) Sell beer ... to any person while such person is in an intoxicated condition; ...

A violation of any of the foregoing provisions shall be a ground for the revocation or suspension of such holder's permit.[1]

Forcier argues Section 61-9-410, which is a penal statute, provides no basis for civil liability when violated.

She also argues Christiansen's consumption of beer and not its sale was the proximate cause of his alleged injuries as a matter of law. We reject both arguments.

A violation of a penal statute can result in civil liability. 1 Am. Jur. (2d) *Actions* Section 57 at 589 (1962).

In determining whether civil liability arises from a violation of a penal statute, we look to see whether the statute is one designed to promote public safety, the complaining party is a member of the class the statute is intended to protect, and the party allegedly at fault is a person upon

---

[1] Section 61-1-80 of the code directs the South Carolina Alcoholic Beverage Control Commission to impose a monetary penalty as an alternative to revocation or suspension of a permit except in designated circumstances not applicable here.

whom the statute imposes specific duties. *Taylor v. Ruiz*, 394 A. (2d) 765 (Del. Super. 1978); *Marusa v. District of Columbia*, 157 U. S. App. D. C. 348, 484 F. (2d) 828 (D. C. Cir. 1973).

Section 61-9-410 clearly promotes public safety. One reason the statute exists is to protect intoxicated persons from their own incompetence and helplessness. *See* 48 C.J.S. *Intoxicating Liquors* Section 258 at 767 (1981). The statute represents the legislature's judgment that an intoxicated person is a menace to himself. *See McClellan v. Tottenhoff*, 666 P. (2d) 408 (Wyo. 1983). Indeed, a purpose in prohibiting a vendor from selling beer to one who is already intoxicated is to prevent the person from becoming even more intoxicated so that he is not a greater risk when he leaves the bar. *Lewis v. Wolf*, 122 Ariz. 567, 596 P. (2d) 705 (App. 1979), *overruled, Ontiveros v. Borak*, 136 Ariz. 500, 667 P. (2d) 200 (1983).[2]

Christiansen plainly alleges in his complaint he was an intoxicated person; thus, he was, when Forcier allegedly sold him the beer, a member of a class protected by Section 61-9-410. Because the complaint implies Forcier was a licensed beer dispenser, Forcier owed Christiansen a specific statutory duty not to sell him beer. *Taylor v. Ruiz, supra; see Hutchens v. Hankins*, 63 N. C. App. 1, 303 S. E. (2d) 584 (1983), *review denied*, 309 N. C. 191, 305 S. E. (2d) 734 (1983); *Marusa v. District of Columbia, supra.*

We therefore hold a violation of Section 61-9-410 of the Code can give rise to a civil cause of action and does so in this instance. *Parrett v. Lebamoff*, 408 N. E. (2d) 1344 (Ind. App. 1980); *Anslinger v. Martinsville Inn, Inc.*, 121 N. J. Super. 525, 298 A. (2d) 84 (App. Div. 1972), *cert. denied*, 62 N. J. 334, 301 A. (2d) 449 (1973); *see Ontiveros v. Borak, supra; McClellan v. Tottenhoff, supra; Sampson v. W. F. Enterprises*,

---

[2] In *Lewis v. Wolf*, 122 Ariz. 567, 596 P. (2d) 705 (App. 1979), the Arizona Court of Appeals held that bar owners were not liable for the death of a woman killed in a head-on collision with an automobile driven by a customer served alcoholic beverages by the bar owners despite the fact the customer was visibly intoxicated when served. Prior decisions of the Arizona Supreme Court dictated this result. In reaching its conclusion, the Court of Appeals criticized the doctrine of tavern owner nonliability as one "patently unsupportable by either accepted fundamental legal principles or by logic" and as one "contrary to present tort concepts of the State of Arizona." 596 P. (2d) at 706. Four years later, in *Ontiveros v. Borak*, 136 Ariz. 500, 667 P. (2d) 200 (1983), the Arizona Supreme Court overruled its prior decisions and abolished the tavern owner nonliability doctrine.

*Inc.*, 611 S. W. (2d) 333 (Mo. App. 1980); *Algeria v. Payonk*, 101 Idaho 617, 619 P. (2d) 135 (1980); *Ono v. Applegate*, 62 Hawaii 131, 612 P. (2d) 533 (1980); Annot., 98 A.L.R. (3d) 1230, Section 9 at 1253 (1980); Note, *Injuries Arising from Negligence in Furnishing Liquor to Minors and Intoxicated Adults: New Tort Action in Wyoming*, 19 LAND & WATER L. REV. 285, at 287 (1984); 48A C.J.S. *Intoxicating Liquors* Section 432 at 143 (1981).

South Carolina precedent supports our conclusion. In *Harrison v. Berkley*, 32 S.C,L. (1 Strob.) 525, 547, 47 Am. Dec. 578, 580 (1847), a case more fully discussed below, the former Court of Appeals held that a penal statute prohibiting sales to slaves would also permit an action by "a party grieved ... for the particular damage done to him by reason of the unlawful act" of selling whiskey to a slave.

The question of proximate cause remains. We recognize that some authorities have held it is not a tort at common law to sell or give intoxicating liquor to ordinary able-bodied men. *See* 48A C.J.S. *Intoxicating Liquors* Section 428 at 134 n. 49 (1981); 45 Am. Jur. (2d) *Intoxicating Liquors* Section 553 at 852-53 n. 11 (1969). "The reason usually given for this rule is that the drinking of the liquor, not the furnishing of it, is the proximate cause of the injury." 45 Am. Jur. (2d) *Intoxicating Liquors* Section 553 at 853 (1969). Aside from the fact that the complaint paints Christiansen at the time the beer was allegedly sold to him as a "visibly intoxicated" man and not as an "ordinary able-bodied" man, we do not think the rule in South Carolina regarding proximate cause is in accord with these authorities.

In South Carolina, whether or not the violation of a statute contributed as a proximate cause to the plaintiff's injury is ordinarily a question for the jury. *Cantrell v. Carruth*, 250 S. C. 415, 158 S. E. (2d) 208 (1967); *Eickhoff v. Beard-Laney, Inc.*, 199 S. C. 500, 20 S. E. (2d) 153 (1942); *see Griffin v. Griffin*, 318 S. E. (2d) 24 (S. C. App. 1984). As we read *Harrison v. Berkley, supra,* the rule is no different where the statute involved is one prohibiting the sale of alcoholic beverages to a designated class.

In *Harrison*, a slave died from drunkenness and exposure after drinking whiskey purchased by the slave from the defendant shopkeeper. At the time, a statute prohibited sales to

slaves. The slaveholder sued the shopkeeper for damages. The shopkeeper contended that his unlawful act in selling the liquor was not the proximate cause of the slave's death. The court decided, however, that the result of the shopkeeper's illegal act was one naturally and reasonably to be expected and one not too remote from the prime cause; therefore, the court held it was a jury question whether the slave's drinking and intoxication were the natural and probable consequences of the unlawful sale. *See St. Charles Mercantile Co. v. Armour & Co.*, 156 S. C. 397, 409-10, 153 S. E. 473, 478 (1930); *Green v. Atlanta & Charlotte Air Line Ry. Co.*, 151 S. C. 1, 33-34, 148 S. E. 633, 644 (Cothran, J., dissenting) (1928), *reversed*, 279 U. S. 821, 49 S. Ct. 350, 73 L. Ed. 976 (1929); *see also* 45 Am. Jur. (2d) *Intoxicating Liquors* Section 554 at 854 n. 2 (1969).

We therefore hold the sale of beer in violation of Section 61-9-410 can constitute a proximate cause of an injury if the injury is the natural and probable consequence of the unlawful sale. The question of proximate cause in such a case is one for the jury to determine, unless the evidence shows that reasonable persons could not disagree. *Ontiveros v. Borak, supra; McClellan v. Tottenhoff, supra.*

Affirmed.

SHAW and CURETON, JJ., concur.