Mary C. DALEY, Appellant v. John William WARD, III, The Windjammer, Inc., and Malcolm M. Burgis, Defendants, of whom The Windjammer, Inc. and Malcolm M. Burgis are Respondents.

(399 S.E. (2d) 13)

Court of Appeals

*Kerry W. Koon,* Charleston, *for appellant.*

*Stephen E. Darling* and *John H. Tiller,* Charleston, *for respondents.*

Heard Aug. 20, 1990.

Decided Sept. 17, 1990.

SHAW, Judge:

Appellant, Mary C. Daley, instituted an action against respondents, The Windjammer, Inc. and Malcolm M. Burgis, president of The Windjammer, alleging the serving of alcohol to an intoxicated person with whom she was involved in an automobile accident. Following a jury verdict in favor of the respondents, Daley appeals. We reverse and remand.

The record reveals the following facts. On June 22, 1986 at approximately 10:55 p.m., John William Ward, III was travelling behind Daley when he struck her car from the rear. Ward had left the Windjammer approximately fifteen to twenty minutes earlier after spending four or five hours there drinking nine, twelve ounce cans of beer. Testimony from both Daley and the investigating officer indicated they believed Ward was intoxicated immediately after the accident. Ward stated that, although he did not initially believe he was intoxiated while at the Windjammer, after viewing a videotape of his behavior following the accident, he was of the opinion that he was intoxicated. An expert witness who also viewed the videotape of Ward also stated he was of the opinion that Ward was intoxicated. Ward testified he did not recall drinking beer at any place other than the Windjammer that evening.

The two bartenders on duty on the day in question both indicated they did not remember Ward. They confirmed Burgis' testimony that it was their policy not to serve anyone who appeared intoxicated. They stated that, if a customer appeared in the same condition as Ward did on the videotape, they would have refused to serve him. Both further stated they did not knowingly serve anyone that was intoxicated on June 22, 1986.

In reply to the testimony relating to the policy not to serve intoxicated persons, Daley attempted to relate a specific incident where she observed service of alcohol to an intoxicated person at the Windjammer. The trial judge refused to allow the testimony finding it was not in the nature of rebuttal. Daley was then allowed to proffer this evidence.

The first issue we address on appeal is raised by the respondents as an additional sustaining ground. That issue is whether § 61-9-410 of the South Carolina Code

of Laws (1976) (Rev. 1990) supplies a private cause of action for civil liability to a third party who is injured as a result of a violation of that statute. That statute provides in pertinent part as follows:

> No holder of a permit authorizing the sale of beer or wine or any servant, agent, or employee of the permittee shall knowingly do any of the following acts upon the licensed premises covered by the holder's permit:
>
> (2) Sell beer or wine to any person while the person is in an intoxicated condition. . . .

The question of whether this code section provides a basis for civil liability when violated was addressed in *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E. (2d) 351 (Ct. App. 1985) *cert. denied*, S.C. Sup. Ct. order dated June 27, 1985. This court concluded that a violation of § 61-9-410(2) gave rise to a civil cause of action in favor of an intoxicated patron who was injured as a result thereof. We noted this statute was clearly designed to promote public safety and that the purpose in prohibiting a vendor from selling beer to one who is already intoxicated is to prevent the person from becoming even more intoxicated so that he is not a greater risk when he leaves the bar. *Id.* at 354. We find no reason for which the class of persons protected by the statute should not include third parties injured by the actions of an intoxicated person served in violation of the statute. Indeed, our decision in *Jamison v. The Pantry, Inc.*, 392 S.E. (2d) 474 (S.C. Ct. App. 1990) indicated § 61-9-410 gives rise to a civil cause of action by a third party injured by a violation of the statute. There we noted that the purpose of the statute is to protect not only the individual served in violation of the statute, but also the public at large, from the possible adverse consequences. We thus conclude the trial judge properly denied the respondents' motion for a directed verdict on this basis.

As a second additional sustaining ground, the respondents contend the evidence was insufficient to submit the case to the jury. We disagree. There was more than ample evidence that Ward was intoxicated at the time of the accident and the jury could have easily concluded he was just as intoxicated at the time he was served his last beer at

the Windjammer. We find no error on the part of the trial judge in submitting the case to the jury based on the evidence before him.

Daley asserts error on the part of the trial judge in failing to instruct the jury as she requested in relation to proof of a violation of the statute in question and in improperly instructing the jury in response to a question by the jury concerning the standard of proof required by the statute. The record reveals the trial judge's initial charge to the jury includes a charge of § 61-9-410(2) verbatim. Daley simply objected to the trial judge's failure to charge the jury as she requested. The charge was based on a North Carolina case and read as follows:

> To prove a violation of the statute I previously read to you, the Plaintiff must prove that the Defendants' patron was intoxicated and that the Defendants knew or should have known that the patron was in an intoxicated condition at the time he or she was served.

The verbatim charge of the statute in question is proper. At no time did Daley point to any South Carolina authority which would require the judge to instruct the jury that a violation of the statute would occur if the respondents knew or should have known that Ward was intoxicated at the time he was served.

Daley now contends she was entitled to such a charge based on the South Carolina case of *Feldman v. South Carolina Tax Commission,* 203 S.C. 49, 26 S.E. (2d) 22 (1943). That case dealt with a similar statute to the one at hand. In *Feldman,* the Tax Commission revoked a retailer's liquor license for violation of a statute which provided as follows:

> No retail dealer shall knowingly sell, offer for sale, barter, or exchange any alcoholic liquors to any person when drunk or intoxicated, nor to a minor, nor to any insane person, and upon violation of any of these provisions, upon conviction, shall suffer the penalties hereinafter provided . . .

26 S.E. (2d) at 24.

The circuit court set aside the Tax Commission's order revoking the license on the ground that the record failed to

show sufficient evidence of knowledge on the part of the salesman that he was selling liquor to a minor. The Supreme Court held,

> Within the meaning of the term, "knowingly", as used in this statute, if the clerk knew that the [purchaser] was a minor or had such information, from his appearance or otherwise, as would lead a prudent man to believe that he was a minor, and if followed by inquiry must bring knowledge of that fact home to him, then the sale was made knowingly.

26 S.E. (2d) at 25.

*Feldman* therefore provides authority for a charge which injects a "reasonable person" standard into the definition of "knowingly" as used in these statutes. Although Daley may have been entitled to a charge based on *Feldman,* she requested instead a charge injecting the term "knew or should have known" for the term "knowingly." Further, the record indicates the trial judge charged the jury on the law of negligence, thereby allowing the jury to consider whether respondents were negligent in the service of beer to an intoxicated person. As a whole, the charge therefore allowed the jury to consider whether respondents acted reasonably in determining Ward's condition. We thus find no error in the trial judge's refusal to charge the jury as requested by Daley.

However, the record reveals that subsequent to the trial judge's initial charge, the jury discontinued deliberations with a question for the court which read as follows:

> If as a jury we feel that the bartenders at the Windjammer did not knowingly sell Mr. Ward alcoholic beverages when he was intoxicated, do we need to consider the bartenders' negligence?

In response to this question, the trial judge instructed the jury as follows:

> If you were to find that the Defendants did not knowingly sell alcoholic beverages to a person who was intoxicated, then by so finding you will have found that there was no legal duty that was breached. Therefore, there was no negligence.

In so charging the jury, the trial judge took from the province of the jury the issue of whether the bartenders negligently served alcoholic beverages to a person who, by his appearance or otherwise, would lead a prudent man to believe that person was intoxicated. At this point the trial judge committed error which clearly prejudiced Daley's case. Although Ward himself testified he had a high tolerance for alcohol and he did not believe he was intoxicated at the time he left the Windjammer, the jury could have easily determined from the circumstantial evidence that Ward was visibly intoxicated at the Windjammer such that a prudent man would have known of his condition. We therefore reverse and remand for a trial de novo.

As to Daley's remaining exception regarding her reply testimony, we find no error on the part of the trial judge. *See Vernon v. Provident Life and Accident Ins. Co.*, 266 S.C. 208, 222 S.E. (2d) 501 (1976) (The admission of reply testimony is within the sound discretion of the trial judge).

Reversed and remanded.

GARDNER, J., and LITTLEJOHN, Acting J., concur.