504 S.E.2d 318

Robert L. TOBIAS and Mary Ellen Tobias, Petitioners,

v.

The SPORTS CLUB, INC.; Hotel Associates, a Limited South Carolina Partnership; The Ramada Hotel; Mallards: Interstate Management and Investment Corporation; E.L. Pooser; and Robert A. Dean of whom Hotel Associates, a Limited South Carolina Partnership; The Ramada Hotel; Mallards; Interstate Management and Investment Corporation; E.L. Pooser; and Robert A. Dean, are Respondents.

No. 24830.

Supreme Court of South Carolina.

Heard Dec. 4, 1997.

Decided Aug. 17, 1998.

James A. Merritt, Jr. and William K. Witherspoon, both of Berry, Adams, Quackenbush & Stuart, P.A., and Deborah R.J. Shupe, of Louthian & Louthian, for petitioners.

James W. Alford and Andrew Haselden, all of Barnes, Alford, Stork & Johnson, LLP, Columbia, for respondents.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

FINNEY, Chief Justice:

We granted certiorari to consider the Court of Appeals' decision holding that the defenses of contributory negligence and assumption of the risk were available in a negligence suit[1] brought by the intoxicated adult patron against the tavern owner who served him. *Tobias v. The Sports Club, Inc.*, 323 S.C. 345, 474 S.E.2d 450 (Ct.App.1996).[2] We now join the majority of jurisdictions that have addressed this issue, and hold that South Carolina does not recognize a "first party" cause of action against the tavern owner by an intoxicated adult predicated on an alleged violation of S.C.Code Ann. §§ 61–5–30[3] and/or 61–9–410[4] (1990). We therefore

---

1. This cause of action arose before the adoption of comparative negligence.

2. This appeal consolidates the patron's suit and his wife's consortium action.

3. Now codified at § 61–6–2220 (Supp.1997).

overrule *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E.2d 351 (Ct.App.1985) *cert. denied* Order, dated June 27, 1985, and its progeny to the extent they recognize a first party action, but explicitly retain the right of injured third parties to maintain a negligence suit against the tavern owner based on a violation of these statutes. Accordingly, the opinion of the Court of Appeals in this case, which upheld the trial court's denial of petitioners' new trial motions, is affirmed as modified.

■ South Carolina Code Ann. § 61–4–580(2) prohibits the knowing sale of beer or wine to an intoxicated person, while § 61–6–2220 prohibits the sale of alcoholic beverages contained in minibottles to intoxicated persons. In recognizing a private cause of action for a violation of these statutes, the Court of Appeals stated that their purpose is to promote public safety, and to prevent an already intoxicated person from becoming even more intoxicated, and thus an even greater risk to the public at large, when he leaves the establishment. *Christiansen, supra; Daley v. Ward*, 303 S.C. 81, 399 S.E.2d 13 (1990). We agree. The Court of Appeals went further, however, and held that another of the statutory purposes was to protect the intoxicated person from their own incompetence and helplessness, and therefore concluded the intoxicated patron himself was entitled to bring a negligence suit for a statutory violation. We disagree, and now hold that public policy is not served by allowing the intoxicated adult patron to maintain a suit for injuries which result from his own conduct.

Imposing liability on a tavern owner for continuing to serve an intoxicated person who later injures others serves public policy by imposing upon the tavern owner a duty to use judgment and discretion. We do not believe that the owner will exercise this judgment and discretion less prudently if he risks a law suit only when the intoxicated person injures others. The decision to refuse to serve alcoholic beverages, beer or wine to an intoxicated patron will be unaffected by our decision today. In overruling *Christiansen,* we join other jurisdictions that have refused to allow intoxicated persons to maintain a first party action against a tavern owner based on

---

4. Now codified at § 61–4–580(2) (Supp.1997).

alleged violations of statutes imposing criminal penalties for the sale of alcoholic beverages to an intoxicated adult. *See Wright v. Moffitt*, 437 A.2d 554 (De.1981); *Bertelmann v. Taas Associates*, 69 Haw. 95, 735 P.2d 930 (1987); *Cuevas v. Royal D'Iberville Hotel*, 498 So.2d 346 (Miss.1986); *Ohio Casualty Ins. Co. v. Todd*, 813 P.2d 508 (Ok.1991); *Estate of Kelly v. Falin*, 127 Wash.2d 31, 896 P.2d 1245 (1995); *White v. HA, Inc.*, 782 P.2d 1125 (Wyo.1989); *Noonan v. Galick*, 19 Conn.Supp. 308, 112 A.2d 892 (1955); *Riverside Enterprises v. Rahn*, 171 Ga.App. 674, 320 S.E.2d 595 (1984); *Fisher v. O'Connor's Inc.*, 53 Md.App. 338, 452 A.2d 1313 (1982); *Trujillo v. Trujillo*, 104 N.M. 379, 721 P.2d 1310 (App.1986) (altered by subsequent statute).

We hold today that our alcohol control statutes do not create a first party cause of action for an intoxicated adult patron, but that they do permit a third party action. We leave for another day the issue whether we will recognize a first party action brought by a minor. Accordingly, the decision of the Court of Appeals is

**AFFIRMED AS MODIFIED.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.