THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Linda Lloyd Rhine, Appellant,
 
 
 

v.

 
 
 
 Robin R. Swem, and The Shady Lady, Inc., Defendants, of whom the Shady Lady, Inc. is the, Respondent.
 
 
 

Appeal From Berkeley County
 Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2006-UP-049
Heard October 5, 2005  Filed January 20, 2006   

AFFIRMED

 
 
 
 Thomas R. Goldstein, of Charleston, for Appellant.
 Richard C. Burke, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Linda Rhine appeals the trial courts order granting summary judgment in favor of the Shady Lady.  We affirm.
FACTS
At 2:00 pm on January 24, 2001, Robin Swem went to a bar called The Shady Lady.  While there Swem consumed between four and seven liquor drinks, some of which were purchased by her friend, Kim Livingston who worked as a bartender at the Shady Lady.  Swem left the Shady Lady between 4:00 and 5:00 pm and went home.  Swem drank at least two liquor drinks at her apartment and returned to the Shady Lady around 7:00 pm to meet Livingston to go out.  When Swem ordered a drink, the bartender refused to serve her because of her visibly intoxicated condition.  
After being refused service, Swem decided she needed to go home, so she called her father and asked him to pick her up.  Swem argued with her father, and he refused to drive her home.  Although a friend offered to drive her home, Swem did not want to wait, so she left the Shady Lady in her own automobile around 8:30 pm.  A few minutes later, Swem collided with the rear of Linda Rhines vehicle, which was stopped at a traffic light.  Swem was arrested at the scene and charged with driving under the influence, a charge to which she later pleaded guilty.  
On July 31, 2002, Rhine brought this lawsuit alleging negligence against Swem and the Shady Lady.  Swem settled with Rhine, leaving the Shady Lady as the sole defendant.  The Shady Lady filed a motion for summary judgment, arguing there was no evidence any employee of the Shady Lady served alcohol to Swem while she was in a visibly intoxicated condition, and the chain of causation was broken when Swem consumed alcohol for several hours away from the premises of the Shady Lady.  After hearing arguments on the motion and reviewing the affidavits of Swem and Teressa Armstrong, a witness to the collision, the trial court granted summary judgment in favor of the Shady Lady.  This appeal followed.  
STANDARD OF REVIEW
When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP.  Fleming v. Rose, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002). Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  Baird v. Charleston County, 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999).  In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party.  Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).
LAW/ANALYSIS
Rhine argues the trial court erred in granting summary judgment in favor of the Shady Lady.  We disagree.  
Rhine first contends the trial court erred in granting summary judgment on the procedural basis that she failed to reference the statute that prohibit the service of alcohol to an intoxicated person in her pleadings.  However, the trial court did not rely on Rhines failure to plead the statute as a basis for granting summary judgment.  The trial court merely noted that Rhine pled a common law cause of action against the Shady Lady for negligence in serving alcohol to Swem while she was intoxicated and that liability for such actions arises only by statute in South Carolina.  Tobias v. Sports Club, Inc.  332 S.C. 90, 92, 504 S.E.2d 318, 319 (1998).  The trial court stated the failure to plead the statutory violation as the basis for dram shop liability against the Shady Lady may, in and of itself, warrant dismissal and/or summary judgment.  (emphasis added)  The trial court did not grant summary judgment in favor of the Shady Lady because of a pleading error, but went on the discuss the merits of Rhines negligence claim, including the Shady Ladys liability under the statute.  
The trial court found the Shady Lady was not liable, as a matter of law, for Swems actions because Rhine produced no evidence the Shady Lady served alcohol to Swem while she was in a visibly intoxicated condition.  We find no error in the trial courts decision.   
At common law, a tavern owner could not be held civilly liable for injuries caused by an over-served, intoxicated patron.  Lydia v. Horton, 355 S.C. 36, 41, 583 S.E.2d 750, 753 (2003).  However, South Carolina courts have held that a bar owners violation of the criminal statute forbidding service to intoxicated persons can support a civil suit by a third party against the bar for injuries caused by the intoxicated person.  Tobias, 332 S.C. at  92, 504 S.E.2d at 319.  Therefore, Rhines action must be predicated upon a showing the Shady Lady violated section 61-6-2220 of the South Carolina Code (Supp. 2005) that prohibits the sale of alcoholic beverages contained in minibottles to intoxicated persons.  Id.; S.C. Code Ann. § 61-6-2220 (Supp. 2005) (No person or establishment licensed to sell alcoholic beverages pursuant to this article may sell these beverages to persons in an intoxicated condition;  these sales are considered violations of the provisions thereof and subject to the penalties contained herein.)
Rhine contends that Swems testimony she consumed between four and seven liquor drinks during her first visit to the Shady Lady is sufficient to create a genuine issue of material fact as to whether the Shady Lady is liable for Rhines injuries.  Rhine cites our opinion in Daley v. Ward in support of this position.  303 S.C. 81, 399 S.E.2d 318 (Ct. App. 1998).  There, Daley instituted an action against a bar, Windjammer, for serving alcohol to an intoxicated person, Ward, with whom she was involved in an accident.  Id. at 83, 399 S.E.2d at 14.  At trial, Daley presented evidence that Ward had left the bar approximately twenty minutes earlier after spending four or five hours there drinking nine, twelve-ounce cans of beer.  Id.  Both Daley and the investigating officer testified they believed Ward was intoxicated, and an expert witness, who viewed a videotape of Wards behavior following the accident, opined that he believed Ward was intoxicated.  Id.  Based on this evidence, the Daley court concluded the trial court did not err in submitting the case to the jury, stating:  There was more than ample evidence that Ward was intoxicated at the time of the accident and the jury could have easily concluded he was just as intoxicated at the time he was served his last beer at the Windjammer.  Id. at 85, 399 S.E.2d at 15.       
The Daley case is clearly distinguishable from the case at bar.  Swem visited the Shady Lady on two occasions on the date of the accident.  The only evidence Rhine presented that Swem was in an intoxicated condition during her first visit to the Shady Lady was that Swem drank between four and seven alcoholic drinks before she left.  Rhine presented no testimony from any employee or patron of the bar indicating that Swem was intoxicated during the first visit, and Swem did not maintain she was intoxicated.  After Swem left the Shady Lady, she spent two hours drinking alcohol in her apartment.  When Swem returned and ordered a drink, the bartender refused to serve her.  
Based upon these facts, we find the trial court did not err in granting summary judgment in favor of the Shady Lady.  The number of drinks Swem consumed, without evidence Swem showed signs of intoxication, is not sufficient to create a genuine issue of material fact as to whether the Shady Lady served Swem while she was in an intoxicated condition during her first visit.  In regard to the second visit, there is ample evidence to support the conclusion Swem was intoxicated at the scene of the accident and, by inference, when she left the bar, but the Shady Lady cannot be held liable under the statute because an employee recognized Swem was intoxicated and refused her service.  Accordingly, the order of the trial court is  
AFFIRMED.  
GOOLSBY, BEATTY, and SHORT, JJ. concur.