THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charlotte Roberts, Individually and as Personal Representative
 of the Estate of Timothy G. Roberts, Appellant,
 
 
 
 

v.

 
 
 
 Elephant, Inc. d/b/a Platinum Plus, Ken Wood Enterprises, Inc.,
 and KWE Group, LLC, Respondents.
 
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2011-UP-062
 Submitted January 4, 2011  Filed February
16, 2011    

AFFIRMED

 

 
 
 
 Frank L. Eppes, of Greenville; and Ronald
 H. Colvin, of Spartanburg, for Appellant.
 T. David Rheney and J. Kevin Couch, both
 of Greenville; and Harry T. Heizer, Jr, of Irmo, for Respondents.
 
 
 

PER CURIAM:  Charlotte
 Roberts appeals the circuit court's grant of summary judgment in her wrongful
 death suit against Elephant, Inc., doing business as Platinum Plus (Platinum
 Plus), for serving alcohol to her son, who was intoxicated at the time of sale
 and died in a related car crash.[1]  We affirm.[2]
Roberts argues the circuit
 court erred in granting summary judgment to Platinum Plus.  Under Rule 56(c) of the South Carolina Rules of Civil
 Procedure, "[s]ummary judgment is appropriate where there is no
 genuine issue of material fact and it is clear the moving party is entitled to
 a judgment as a matter of law."  Hancock v. Mid-South Mgmt. Co., Inc.,  381 S.C. 326, 329, 673 S.E.2d 801, 802 (2009).  Here, no material issues of fact exist because Roberts
 presented undisputed evidence Platinum Plus over-served her son, who was
 intoxicated and died in a car crash while driving from the club.  Therefore, the only remaining issue is
 whether Platinum Plus was entitled to judgment as a matter of law.  We hold it
 was.  
Roberts contends she is not
 precluded from bringing a first-party negligence per se action against Platinum
 Plus under Tobias v. Sports Club, Inc., 332 S.C. 90, 504 S.E.2d 318
 (1998).  According to Roberts, Platinum Plus psychologically manipulated her
 son to purchase alcohol, and Tobias does not
 apply to situations where a patron is unable to resist an establishment's
 encouragement to buy alcohol.  We disagree.  "Negligence
 per se is established by showing a statute created a duty to the plaintiff and
 the defendant breached that duty by violating the statute."  Seals by
 Causey v. Winburn, 314 S.C. 416, 418, 445 S.E.2d 94, 96 (1994) (emphasis omitted). 
 South Carolina's alcohol control statutes provide, "A[n]
 . . . establishment licensed to sell alcoholic liquors or liquor by
 the drink pursuant to this article may not sell these beverages to persons in
 an intoxicated condition . . . ."  S.C. Code Ann. § 61-6-2220 (2009).  In Tobias, the South Carolina
 Supreme Court held, "South Carolina does not recognize a 'first party'
 cause of action against the tavern owner by an intoxicated adult predicated on
 an alleged violation" of its alcohol control statutes.  332 S.C. at 91,
 504 S.E.2d at 319.  The supreme court specifically rejected this court's
 reasoning and conclusion that a purpose of the alcohol control statutes
 "was to protect the intoxicated person from their own incompetence and
 helplessness" and, therefore, an "intoxicated patron . . .
 was entitled to bring a negligence suit for a statutory violation."  Id. at 92, 504 S.E.2d at 319.  Accordingly, Tobias precludes Roberts from bringing her first-party negligence per
 se action against Platinum Plus because Roberts's alleged helplessness did not
 remove this case from Tobias's reasoning.  
Roberts also
 argues she has a common law cause of action against Platinum Plus for serving alcohol to her son in a reckless, grossly
 negligent, willful, and wanton manner.  However, she conceded to
 the circuit court that the common law precluded causes of action against
 taverns for serving alcohol to intoxicated patrons, and she cannot now assert that
 theory on appeal.  See Ex parte
 McMillan, 319 S.C. 331, 335, 461 S.E.2d
 43, 45 (1995) (holding an issue conceded in
 circuit court cannot be argued on appeal).  Moreover, Roberts's remaining arguments are not
 properly before this court.  See S.C.
 Dep't of Transp. v. First Carolina Corp. of S.C., 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("'[A]n issue cannot be raised for the first time on appeal,
 but must have been raised to and ruled upon by the trial judge to be preserved
 for appellate review.'") (citation omitted).  Accordingly, Roberts was not entitled to bring an action against
 Platinum Plus, and Platinum Plus was entitled to summary judgment.
AFFIRMED.
HUFF and
 LOCKEMY, JJ., and GOOLSBY, A.J., concur.

[1] Roberts brings this suit pursuant to South Carolina's wrongful death statute.  S.C. Code Ann. §
 15-51-10 (2005) (providing that a representative of a decedent is entitled to
 bring a cause of action if a tortfeasor's act or negligence would have entitled
 the decedent to maintain the action).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.