**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

————————

Lisa Everitt Lomonaco,　　　　　Appellant,

v.

The Myrtle Beach Resort
Homeowners' Association, Inc.,　　Respondent.

————————

Appeal from Horry County
Benjamin H. Culbertson, Circuit Court Judge

————————

Memorandum Opinion No. 2012-MO-019
Heard May 1, 2012 – Filed June 6, 2012

————————

**AFFIRMED**

————————

Bradley A. Floyd, of Surfside Beach, for Appellant.

Timothy A. Domin, of Clawson & Staubes, of Charleston, for Respondent.

————————

**PER CURIAM:** Appellant claims the circuit court erred in granting summary judgment in favor of Respondent when Appellant, who was voluntarily intoxicated, sustained injuries after jumping or falling from an eighth floor balcony located on Respondent's property. We disagree and affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Tobias v. Sports Club, Inc.*, 332 S.C. 90, 504 S.E.2d 318 (1998) (recognizing an absolute bar to "'first party' cause[s] of action against [a] tavern owner by an intoxicated adult predicated on an alleged violation of [alcohol control statutes,]" and elaborating that "public policy is not served by allowing the intoxicated adult patron to maintain a suit for injuries which result from his own conduct"); *Lydia v. Horton*, 355 S.C. 36, 583 S.E.2d 750 (2003) (relying on *Tobias* to bar plaintiff's recovery where plaintiff, who drove a vehicle after becoming voluntarily intoxicated and sustained injuries in a car accident, sued the person who loaned plaintiff the car under a theory of negligent entrustment).

**TOAL, C.J., PLEICONES, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**