**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Lindsey Stewart, Personal Representative of the Estate of Shaun Robert Moore, Appellant,

v.

Green Apple, LLC, doing business as Applebee's, John/Jane Doe, Manager, and Stabler L. Inabinet, Defendants,

Of which Green Apple, LLC, d/b/a Applebee's is the Respondent.

Appellate Case No. 2016-001312

Appeal From Orangeburg County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2019-UP-232
Submitted November 1, 2018 – Filed June 26, 2019

**AFFIRMED**

Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton; Shane Morris Burroughs, of Lanier & Burroughs, LLC, of Orangeburg; and Justin Tyler Bamberg, of Bamberg Legal, LLC, of Bamberg, all for Appellant.

Drew Hamilton Butler, of Richardson Plowden & Robinson, PA, of Mount Pleasant; and Michelle Parsons Kelley and Carmen Vaughn Ganjehsani, both of Richardson Plowden & Robinson, PA, of Columbia, all for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in granting summary judgment on Stewart's general negligence cause of action: Rule 56(c), SCRCP (providing summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Tobias v. Sports Club, Inc.*, 332 S.C. 90, 92, 504 S.E.2d 318, 319-20 (1998) ("We . . . hold that public policy is not served by allowing the intoxicated adult patron to maintain a suit for injuries which result from his own conduct."); *Lydia v. Horton*, 355 S.C. 36, 42-43, 583 S.E.2d 750, 754 (2003) (extending the public policy considerations in *Tobias* to a first party negligent entrustment cause of action, noting the essence of both cases was that the plaintiff, who was voluntarily intoxicated when the accident occurred, was attempting to deflect the responsibility that should be imposed upon himself towards another); *Donze v. Gen. Motors, LLC*, 420 S.C. 8, 21-22, 800 S.E.2d 479, 485-86 (2017) (declining to extend *Tobias* and *Lydia* to bar intoxicated plaintiffs from bringing strict liability or breach of warranty actions but continuing to recognize that public policy bars an intoxicated adult from bringing a first party claim based on "the common law doctrines of negligence and negligent entrustment").

2.      As to whether the trial court erred in ruling on the merits of the summary judgment motion because discovery was incomplete: *Dawkins v. Fields*, 354 S.C. 58, 71, 580 S.E.2d 433, 439-40 (2003) (holding when a party claims summary judgment is premature because he has not been provided a full and fair opportunity to conduct discovery, he must advance a good reason why the time was insufficient under the facts of the case and demonstrate why further discovery would uncover additional relevant evidence likely to create a genuine issue of material fact).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.