**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Dwayne Chavis, Appellant,

v.

Vansy Saensane and Ra Cha, Inc. D/B/A Bangkok Tokyo Restaurant A/K/A Bangkok Thai Restaurant, Respondents.

Appellate Case No. 2023-000440

———

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-165
Heard March 5, 2026 – Filed April 1, 2026

———

**AFFIRMED**

———

Steven M. Krause, of Law Offices of Steven M. Krause, PA, of Anderson; Daniel L. Draisen, of The Injury Law Firm, PC, of Anderson; and John S. Nichols, of Bluestein Thompson Sullivan, LLC, of Columbia, all for Appellant.

Jeanmarie Tankersley, of Clawson & Staubes, LLC, of Greenville, for Respondent Vansy Saensane.

Zachary Sanders Brown, of McAngus Goudelock & Courie, LLC, of Greenville, and Jeffrey Brandt

Kuykendal, of Charlotte, North Carolina, both for Respondent Ra Cha, Inc.

<hr>

**PER CURIAM:** Kevin Chavis appeals the trial court's order granting summary judgment, arguing there are genuine issues of material fact as to whether Rha Cha, Inc., d/b/a Bangkok Tokyo Restaurant a/k/a Bangkok Thai Restaurant (Bangkok) owed him a statutory duty under the Alcohol and Alcoholic Beverage Licensing (ABL) statutes, and further arguing the court erred in determining the ABL statutes could not apply to this case. We affirm.

This appeal arises out of a motor vehicle accident in Greenville County involving Chavis and Vansy Saensane. The accident occurred at 12:56 a.m. on September 27, 2019. At the time of the crash, Saensane was driving on the wrong side of the road resulting in a head-on collision. At the hearing on the motion for summary judgment, Chavis submitted an affidavit from a forensic toxicologist who opined that Saensane's blood alcohol content (BAC) at the time of the collision would have been 0.273 based upon her reported BAC of 0.263 from blood collected at 1:34 a.m.

Saensane was a minority owner of Bangkok in Greenville and also worked there. In her deposition testimony, Saensane described her typical day at the restaurant which included arriving around 10 a.m., working in the kitchen for the lunch shift, preparing for dinner in between shifts, and then cooking for dinner. After the restaurant closed at 9 p.m., Saensane performed the closing tasks such as cleaning, preparing for the next day, and doing paperwork before leaving. Saensane stated that on some occasions, she would pour herself "a glass or two of wine" from the open bottles that customers had purchased while she did the paperwork. She testified that Allison Wannarat, the majority owner of Bangkok, had seen her drink a glass of wine while doing the paperwork, but never said anything to her about it. Saensane acknowledged that she drank some wine on the night of the accident but said she did not pay for the wine or ring up the wine in the point-of-sale system. She did not remember what time she left the restaurant on the night of the accident, but she typically left between 10:00 p.m. and 10:30 p.m. Saensane could not explain why she was still driving at the time of the accident.

In his pleadings, Chavis alleged claims of dram shop liability, negligence, negligent hiring and retention, and vicarious liability against Bangkok and included

a claim of joint enterprise against both Saensane and Bangkok.[1]  Bangkok filed a motion seeking summary judgment on all claims.  After a hearing on the motion, the trial court granted summary judgment, dismissing all of Chavis's claims against Bangkok.  The trial court denied Chavis's motion to reconsider.

We hold the trial court properly granted summary judgment because the statute at issue only applies when there is a sale of alcohol.  S.C. Code Ann. § 61-4-580(A)(2) (2022 & Supp. 2025) ("No holder of a permit authorizing the sale of beer or wine or a servant, agent, or employee of the permittee may knowingly . . . *sell* beer or wine to an intoxicated person." (emphasis added)); *Hartfield v. Getaway Lounge & Grill*, 388 S.C. 407, 417, 697 S.E.2d 558, 563 (2010) ("Because South Carolina does not have a Dram Shop Act, our civil remedy arises out of criminal statutes."); *id.* (explaining that a third party injured by an intoxicated person in violation of section 61-4-580 may pursue a civil action against the vendor).  The Legislature chose to use "sell," rather than some other term that would not require a transaction for the statute to apply.  *Greenville Hosp. Sys. v. Provident Life & Accident Ins. Co.*, 330 S.C. 436, 442, 499 S.E.2d 232, 235 (Ct. App. 1998) ("[W]ords used in a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the operation of the statute.")); *id.* ("If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ the rules of statutory interpretation, and the court has no right to look or impose another meaning." (quoting *S.C. Dep't of Rev. & Tax'n v. Rosemary Coin Machs., Inc.*, 331 S.C. 234, 245, 500 S.E.2d 176, 182 (Ct. App. 1998)).  Although the statute does not define "sell," the ordinary definition is "to give up (property) to another for something of value (such as money)."  *Sell*, Merriam-Webster, https://www.merriam-webster.com/dictionary/sell (last visited March 19, 2026).  A plain reading of the statute and case law establishes that the statute only applies to a transaction between a vendor and a patron or customer.  *See, e.g.*, *Hartfield*, 388 S.C. at 419, 697 S.E.2d at 564 ("The proper standard . . . is 'whether the bartenders negligently served alcoholic beverages to a person who, by his appearance or otherwise, would lead a prudent man to believe that person was intoxicated.'" (quoting *Daley v. Ward*, 303 S.C. 81, 87, 399 S.E.2d 13, 16 (Ct. App. 1990) (discussing section 61-4-580))); *Tobias v. Sports Club, Inc.*, 332 S.C. 90, 92, 504 S.E.2d 318, 320 (1998) ("Imposing liability on a tavern owner for continuing to

---

[1] Although Chavis alleged negligent hiring and retention and joint enterprise at the trial level, he did not raise those issues on appeal.

serve an intoxicated person who later injures others serves public policy by imposing upon the tavern owner a duty to use judgment and discretion.").

Here, both parties agree that Saensane did not purchase the alcohol she consumed. No one else was present at the restaurant when Saensane drank the wine, so there was no one to sell her the wine or use their judgment and discretion to determine if she was intoxicated.  Because the statute does not apply, there is no genuine issue of material fact for the jury to determine.  *Knight v. Austin*, 396 S.C. 518, 521-22, 722 S.E.2d 802, 804 (2012) ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."). Thus, the trial judge did not err in granting Bangkok's motion for summary judgment.

**AFFIRMED.[2]**

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We need not address the remaining issues on appeal because Chavis's other arguments rely on the applicability of section 61-4-580(A)(2).  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).